# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF NORFOLK, NOVEMBER TERM 1841, AT DEDHAM.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE, } Justices.
Hon. CHARLES A. DEWEY,

---

### John Baker 2d. *vs.* Minot Thayer & others.

There is no provision in the revised statutes respecting costs in case of an application for a jury to reduce the damages estimated by the county commissioners upon the laying out of a town way.

Where selectmen, without the authority of the town, apply for a jury to reduce damages estimated by the county commissioners upon the laying out of a town way, and a warrant is thereupon issued to an officer, requiring him to summon a jury to hear and determine the matter of complaint, and he performs the service so required of him, he may maintain an action against the selectmen to recover therefor and for his disbursements.

ASSUMPSIT to recover for services rendered and disbursements made by the plaintiff, as sheriff of this county, at the request of the defendants. The parties submitted the case to the court upon the following statement of facts :

On the 13th of September 1836, the county commissioners, upon the petition of C. White & others, laid out a town way in Braintree, over land of Benjamin V. French, and awarded to him, as damages, the sum of $287. Thereupon, the defendants, then being the selectmen of the town of Braintree, pre-

sented a petition to the said commissioners, setting forth that the damages, so as aforesaid awarded, were unreasonably high, and praying that a jury might be summoned to estimate said French's damages anew.   Said commissioners afterwards ordered that a jury should be summoned, as prayed for by the defendants, and appointed the plaintiff to preside at the trial.   A jury was summoned and empannelled, and returned a verdict awarding $285, as damages to said French for the cause abovementioned.   This verdict was accepted by the court of common pleas ; but the court declined to pass any order as to costs.

Before the defendants preferred their said petition for a jury, said C. White executed a bond to the defendants, conditioned to indemnify them against all charges and expenses on account of their said petition and the proceedings thereon.

The defendants were not authorized by the town of Braintree to petition for a jury, nor has the town since sanctioned that proceeding, or had any action upon the matter.

This case was argued at October term, 1840.

*Gourgas,* for the plaintiff.

*Kingsbury,* for the defendants.

DEWEY, J.   The services, for which the plaintiff demands compensation in this action, were required of him in conse quence of the order of the county commissioners, directing a jury to be summoned, to hear and determine upon the matter of the complaint of the selectmen of the town of Braintree, in re lation to the damages allowed by the said commissioners to Benjamin V. French, for injury by him sustained in the location of a town way, by the commissioners, in pursuance of the pro visions of the Rev. Sts. *c.* 24, § 71.   The right to demand a jury, in such case, is given by § 76 of the same chapter, to any party aggrieved ; and it is provided, that the jury shall have the same powers, and that the proceedings before them shall be conducted in the same manner, as is before provided in like case with respect to highways :   And if such jury shall increase the damages, the damages and all charges shall be paid by the town ; otherwise, the charges which shall arise on said applica- tion shall be paid by the applicant or person recognizing.

The difficulties in the present case arise, 1st, from the fact that the section of tne statute just cited seems to contemplate an application for a jury, by a party desiring an increase of damages, and makes no proper provision for costs in case of an application for a diminution of damages; and 2d, from the omission, in the statute, of any such general provision for the payment of all costs incurred in proceedings before juries in town ways, as exists in relation to highways or county roads; which latter are, by Rev. Sts. *c.* 24, § 43, required to be pa'd, in the first instance, out of the county treasury, if not paid by the applicants for the jury.

Although after much consideration this court, in the case of *Lanesborough* v. *County Commissioners of Berkshire,* 22 Pick. 278, decided that towns are entitled to a jury in cases where they are aggrieved by the laying out of a public highway by the county commissioners, yet, as to the amount of damages allowed to individuals in the location of such highways, the towns, in their municipal character, can have no interest, such damages being by law wholly paid from the county treasury.

The existing provisions of Rev. Sts. *c.* 24, § 38, fully provide for all cases of controverted questions as to damages assessed in laying out *public highways ;* as they require payment of all costs, incurred in the calling out of a jury, to be made by the party applying for such jury, in case the damages assessed by the commissioners are not increased, as, from the nature of the case, the application would always be for an increase of damages — no party being interested to procure a diminution, except the county, who have already fixed the damages at what they deem a reasonable and proper sum, through their own agents, the county commissioners.

So also the further provision for payment, originally, of all such costs from the county treasury, and then recurring to the party, upon whose application the proceedings were had, for repayment of the same to the county treasury, whenever he was legally bound to pay the same, is an entirely just and suitable provision in the case of public highways ; as in such cases the

Baker *v.* Thayer & others.

costs are properly chargeable on the one or the other of these parties.

Not so, however, in the case of *town roads.* The county has no direct interest in the matter to be submitted to a jury; and there seems to be no statute provision requiring the costs, accruing in such cases, to be paid originally from the county treasury; the statute above referred to appearing to be inapplicable to a case like the present, and adapted only to the case of an application for an increase of damages.

This case was therefore one where the right to have a jury was given, but without any statute provision authorizing the payment of costs by the opposing party, in case the application was a successful one, and resulted in a diminution of damages. In such cases, the party may be remediless as to any remuneration for the costs and charges incident to a hearing before a jury. The present case is, in this respect, similar to that of the applicants for a jury to increase their damages for land taken for the Hampshire and Hampden Canal, where the party thus applying for a jury was held to be without remedy for his costs and expenditures in the proceedings before the jury, although he was the prevailing party, and his damages were increased. *Hampshire & Hampden Canal Company* v. *Ashley,* 15 Pick. 496.

But the sheriff is obliged to perform all official acts properly required of him by parties in interest, and is entitled to receive reasonable compensation for his services; and in the absence of any statute provision directing the payment for the same, he must have the right to recover of his employer. The applicants for the jury, in the present case, having the right to require these services of the plaintiff, and the same having been performed at their instance and request, the necessary consequence is, that such applicants must be legally held for the payment of these expenses.

Had the application for a jury and the further subsequent proceedings been authorized by the town of Braintree, and had the defendants acted merely as their legally constituted agents in this matter, the liability for the payment of the costs and charges incident to the hearing before the jury, would have properly

rested on the town ; but, it being conceded that the defendants acted without any authority from the town, in making this application for a jury, they have made themselves personally liable to the plaintiff for the services rendered by him in this matter.

*Defendants defaulted.*